# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| KEITH TRUMAN | ) |
| | ) Case No: 10-CV-00801-PAB-KLM |
| Plaintiff, | ) |
| | ) STIPULATED CONFIDENTIALITY |
| | ) AGREEMENT AND PROTECTIVE ORDER |
| | ) REGARDING DISCLOSURES, |
| | ) DOCUMENTS ANDINFORMATION |
| | ) |
| BRANNAN SAND AND GRAVEL CO., | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

On the stipulation of Plaintiff, Keith Truman, ("Plaintiff"), by and through his counsel, Mary Ewing of Ewing & Ewing, P.C., and Defendant, Brannan Sand and Gravel Co., a Colorado corporation, ("Defendant"), by and through its counsel, Michael A. Sandstrum and Blaine D. Bowne of the law firm of Donelson Ciancio & Goodwin, PC, IT IS HEREBY ORDERED:

1. This Protective Order shall govern all documents and other discovery materials produced in response to any method of discovery conducted by Plaintiff or Defendant, between themselves or with respect to third-party discovery in this case, including any arbitration proceedings ordered by the Court under the Colorado Rules of Civil Procedure 26, *et seq.* The order shall govern *the use and disclosure of certain confidential, highly confidential, proprietary information and/or trade secret information as defined by C.R.S. 7-74-102 et seq.* designated in good faith by a party as falling within the categories described in this Order.

2. The Parties to this Agreement and Protective Order anticipate seeking and producing confidential information during discovery, and submitting confidential information to the Court in

pleadings or other documents and at trial. The disclosure of such information outside of this matter or any appeal could result in significant injury to the parties' respective business or privacy interests. The parties, accordingly, have entered into this Confidentiality Agreement and request the Court to enter this Agreement as its Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

3. As used in this Protective Order, the word "Document" is used in the broadest sense and includes, without limitation, the following: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Colorado Rule of Evidence 1001(1) and shall also encompass and include all items as defined in Section 4(d) of Form 20 of the Colorado Rules of Civil Procedure; electronically stored information; recorded or transcribed testimony given in depositions or other proceedings in this Lawsuit; pleadings and other papers filed in this Lawsuit or served on the parties or their counsel; and documents and information disclosed pursuant to the disclosure or discovery duties created by the Colorado Rules of Civil Procedure.

4. As used in this Protective Order, "Lawsuit" means this action and any appeals therefrom.

5. As used in this Protective Order, "Confidential Information" means (a) Documents and other information that the producing party or nonparty designates as confidential in the manner set forth below; (b) deposition testimony and deposition exhibits in this Lawsuit that any party or nonparty designates as confidential in the manner set forth below; and (c) responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Colorado Rules of Civil Procedure

or otherwise given or exchanged by and among the parties to this Lawsuit that any party or nonparty designates as confidential in the manner set forth below.

6. A producing party may designate as Confidential Information any Document or information that it has determined in good faith consists of or relates to the following: (a) inventions, components of such inventions, confidential data, privacy rights, and proprietary and technical information; (b) customer lists; (c) financial and accounting information, business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, and competitive analysis; and (d) trade secrets information as defined by C.R.S. 7-74-102 *et seq.*.

7. Confidential Information does not include information that is (a) publicly available or (b) obtained from any nonparty outside of discovery or legal process except to the extent that the nonparty is provided with a copy of this Protective Order and marks the information as Confidential pursuant to this Protective Order.

8. Confidential Information shall be used only for the preparation and litigation of this Lawsuit, and shall not be disclosed or used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

9. All persons with access to Confidential Information produced by another party or a nonparty shall take all reasonable precautions necessary to ensure that no other person shall disclose or use Confidential Information for any purpose that does not relate to this Lawsuit and or in any manner that is not permitted by this Protective Order.

10. The parties, by and through their respective counsel, hereby agree that information may be designated by any party as either "Confidential", "Highly Confidential" or "Attorneys' Eyes

Only." Nothing herein shall prevent a party from objecting to the production of discovery pursuant to Colorado Rules of Civil Procedure 26, *et seq.*, or on privilege or work product grounds.

11. Confidential Information shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person, subject to the additional limitations identified in Paragraphs 12 and 13, except the following:

    a. Counsel of record in the Lawsuit;

    b. persons employed by or associated with counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    c. third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

    d. *individual parties;*

    e. representatives of entity parties deemed necessary by counsel for assistance with the prosecution or defense of this Lawsuit;

    f. expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

    g. deponents, witnesses, or potential witnesses;

    h. the Court and its employees;

    i. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit; and

j. other persons by written agreement of the parties.

12. Subject to the additional requirements set forth in Paragraph 15 for designating Confidential Information, the parties may designate Confidential Information as "HIGHLY CONFIDENTIAL" if the Confidential Information is disclosed, or requested to be disclosed, and it includes without limitation (a) ~~constitutes~~ proprietary information; (b) ~~constitutes~~ Brannan Sand company policies, strategies, opinions, market analyses and other similar documents; (c) ~~constitutes~~ trade secret information as defined above, including customer lists; (d) ~~discloses~~ any personal or employment information of any Brannan Sand employee, including employee personnel files, no matter when the individual was employed or the file created; and (e) financial documents and accounting records/documents, and similar documents. Confidential Information designated as "HIGHLY CONFIDENTIAL" shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person, except the following:

    a. Counsel of record in the Lawsuit;

    b. the parties to this Lawsuit

    c. persons employed by or associated with counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    d. third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

e. expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

f. the Court and its employees;

g. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit;

h. witnesses; and

i. other persons by written agreement of the parties.

Further, with regard to the persons listed in subparagraphs a through d above, counsel of record may show HIGHLY CONFIDENTIAL INFORMATION to those persons, but those persons are not permitted to retain a copy of the HIGHLY CONFIDENTIAL INFORMATION in any form, except as to item 12e above or as submitted to the Court under seal, or otherwise by written agreement of the parties.

13. Subject to the additional requirements set forth in Paragraph 15 for designating Confidential Information, the parties may designate Confidential Information as "ATTORNEYS' EYES ONLY" if the Confidential Information constitutes, memorializes, summarizes, or reflects, including without limitation, confidential and proprietary information, general or non-specific information regarding any past or present Brannan Sand employee, employee time reports, driver hours, and other internal reports regarding employees, trade secrets information as defined above, tax returns, financial and accounting information/documents, customer lists, and similar documents, of any party which, if disclosed to a competitor or another party, could result in financial harm to the disclosing party or which pertains to a party's' financial condition or privacy rights (regardless

of whether or not that information may also be considered "HIGHLY CONFIDENTIAL"). Confidential Information designated as "ATTORNEYS' EYES ONLY" shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person, except the following:

    a. Counsel of record in the Lawsuit;

    b. persons employed by or associated with counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    c. third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

    d. expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

    e. the Court and its employees;

    f. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit;

    g. witnesses;

    h. parties; and

    i. other persons by written agreement of the parties

14. Before disclosing any Confidential Information to any person, excluding the Court and its employees and commercial copying agents, listed in paragraphs 11f, 11g, 11j, 12e, 12i, 13d,

13g above, **counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, substantially in the form of the attached Exhibit 1,** that such person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of the Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order. All such acknowledgments shall be retained by counsel.

15. The designation of documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by any party or nonparty:

    a. In the case of documents (including tif or pdf images of documents) or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS' EYES ONLY."

    b. In the case of electronically stored information produced in native format, the storage media shall be marked with the legend "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," or "CONTAINS INFORMATION FOR ATTORNEYS' EYES ONLY," and the producing party shall provide an electronic list (spreadsheet or table) by file name of all files that are designated.

    c. In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said deposition or pretrial testimony, or any portion thereof, is "Confidential," "Highly Confidential," or "Attorneys' Eyes Only." Any person not permitted to have access to the level of Confidential Information at issue in the testimony shall be

excluded from the room during the giving of that testimony. Counsel shall direct the court reporter or counsel to affix the appropriate Confidential, Highly Confidential, or Attorneys' Eyes Only stamp to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential, Highly Confidential, or Attorneys' Eyes Only. Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as Confidential, Highly Confidential, or Attorneys' Eyes Only after transcription provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the Court reporter of the completion of the transcript.

    d.    In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement by counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential," "Highly Confidential," or "Attorneys' Eyes Only."

    e.    In the case of any other production of discovery material not otherwise covered by this Protective Order, a written statement, made by the designating party's counsel to counsel for the other parties to this Lawsuit, that such discovery material or any portion thereof is "Confidential," "Highly Confidential," or "Attorneys' Eyes Only."

    f.    The parties to this Protective Order may modify the procedures set forth in paragraphs 15(c) – (d) through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

16. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the objecting party may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the objecting party to the designation of information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as non-Confidential Information.

17. Subject to both the Federal Rules of Civil Procedure and Colorado Rules of Civil Procedure and any other applicable law, the use of Confidential Information in this Lawsuit (including in depositions, pleadings and other papers filed with the Court, written discovery responses, and trial) shall not cause the information to lose its confidential status. All persons using Confidential Information in this Lawsuit shall take all reasonable precautions necessary to protect the confidentiality of such information during its use. Any Confidential Information submitted to the Court, whether in any motions, pleadings, affidavits, briefs or other papers, shall, unless otherwise agreed by the parties, be subject to this Protective Order and shall be filed under seal. The Clerk shall maintain such documents under seal, to be made available by the Clerk only to the Court and to counsel for the parties in these proceedings until further order of this Court.

18. Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or

question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right that the parties may have to assert such privilege at any stage of the Lawsuit. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought.

19. If a party receives a request including, but not limited to, a subpoena in a legal or administrative proceeding, for the production of Confidential Information provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Information or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Information on the basis of this Protective Order except upon Court order following the notice and procedures set forth above.

20. Nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of Confidential Information that it alone prepared or obtained, and which contains no Confidential Information obtained directly or indirectly from another party or a nonparty. Nothing in this Order shall be deemed to restrict a party's use or disclosure of documents or information that it obtained from another party or from a nonparty before the commencement of this Lawsuit, regardless of whether a party or nonparty designates the same documents or information as Confidential Information pursuant to this Protective Order.

21. In the event of an inadvertent disclosure by a party to another party of any Document that is subject to a claim by the producing party that the Document should have been marked Confidential but was not prior to copying and delivery of the Document to another party, or that the Document should have been withheld from disclosure as privileged or work product or by reason of

some other limitation upon disclosure authorized by law, the disclosure of such Document shall extend only to the Document so inadvertently disclosed or produced and shall not extend to or affect the right to designate as Confidential, or to withhold from production as privileged or work product, any other Document, even though such Documents may relate to the same transaction or subject matter as the Document inadvertently disclosed.

In the event of inadvertent production or disclosure of any Document that the producing party believes should have been marked Confidential, the producing party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document as Confidential and, thereafter, such Document and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of Confidential Information.

Any attorney-client privileged or work product Document inadvertently disclosed shall be returned to the producing party upon request, together with all copies of any such Documents, upon the parties agreeing that, or there being an Order entered that: (a) such document is protected by the attorney-client privilege or constitutes attorney work-product; and (b) that such document was inadvertently produced. A claim of inadvertent production of a privileged or work product protected document must be made within twenty (20) business days of the producing party's learning of such inadvertent production or said claim shall be deemed to have been waived. Upon the date of receipt by the receiving party of a claim of inadvertent production, the privileged or work product status shall be deemed to be restored until the parties agree otherwise or the Court rules on the issue. The receiving party shall not be deemed to have violated this Protective Order with respect to any use of such privileged or work product Document on a date prior to the making of such request for return of such Documents. If no agreement can be reached by the parties on the return of the document,

the producing party shall be free to move the Court for an Order requiring the return of such Document within twenty (20) business days from the date on which counsel for the requesting party notifies counsel for the producing party that no agreement can be reached, which motion shall set forth the privileged nature of the material in question and the circumstances constituting the inadvertent disclosure. If the Court finds it appropriate, the Court may examine the specified material in camera. If the producing party does not move the Court for an Order requiring the return of such Document within twenty (20) business days, or if the Court enters an Order affirming that such document need not be returned, the Document shall not be treated as privileged or work product and may be used in argument, in briefing, as evidence, or otherwise.

If the Document is returned to the producing party by agreement or by order of the Court, no use whatsoever shall be permitted of any such inadvertently disclosed privileged or work product Document, in argument, in briefing, as evidence, or otherwise.

22. The termination of this Lawsuit shall not relieve any persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information.

23. This Agreement shall inure to the benefit of and be binding on the successors or assigns of the parties.

24. At the conclusion of this Lawsuit, unless other arrangements are agreed upon, all parties that received Documents designated as Confidential Information by another party or by any nonparty shall either return those Documents to the producing party or destroy them and in addition shall destroy all copies of those Documents except deposition exhibits, exhibits to pleadings filed with the Court, and trial exhibits, excluding digital copies maintained by counsel pursuant to rules

and regulations. Where the parties destroy Confidential Documents, upon request the destroying party shall provide all parties with an affidavit confirming destruction.

25. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

26. The parties agree that upon the execution of this Stipulated Confidentiality Agreement and Protective Order by all signatory counsel, the parties are and shall be bound hereby. The parties acknowledge and agree that their respective signing counsel have the authority to execute this Stipulated Confidentiality Agreement and Protective Order and thereby bind the respective parties.

27. This Stipulated Confidentiality Agreement and Protective Order may be executed by email or facsimile and in counterparts.

DATED and done this 2nd day of December, 2010

BY THE COURT

~~District Court Judge~~

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**ATTORNEYS' SIGNATURES APPEAR ON FOLLOWING PAGE**

14

APPROVED:

DATED: _____  EWING & EWING, P.C.


/s/ Mary Ewing
Mary Ewing, Esq., #6810
Ewing & Ewing, P.C.
3601 Pennsylvania St.
Englewood, CO 80113-3753
Phone: 303-761-1400
Fax: 303-761-8100
E-mail: maryewingesq@aol.com
Attorney for Plaintiff


DATED: _____  DONELSON CIANCIO & GOODWIN, P.C.


/s/Michael A. Sandstrum, Esq.
Michael A. Sandstrum, Esq., #39197
Blaine D. Bowne, Esq., #24481
8001 Arista Place, Ste. 400
Broomfield, CO 80020
Phone: 303-450-1665
Fax: 303-457-1175
E-mail: mikesandstrum@colo-law.com
blainebowne@colo-law.com
Attorneys for Defendant


Pursuant to C.R.C.P. 121 § 1-26(9), a printed copy of this electronically-filed document with original signatures is being maintained at the offices of Donelson Ciancio & Goodwin, P.C. and is available for inspection by other parties or the court upon request.