IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00801-PAB-KLM

KEITH TRUMAN,

    Plaintiff,

v.

BRANNAN SAND [AND] GRAVEL CO.,

    Defendant.
_____

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Objection to Certain Relief/Content Included by Plaintiff in Proposed Final Pretrial Order** [Docket No. 55; Filed May 27, 2011] (the "Objection"). Because of the pending Objection, the Court vacated the Final Pretrial Conference set for May 31, 2011 and directed Plaintiff to respond to the Objection on or before June 20, 2011 [Docket No. 56]. Plaintiff has now done so [Docket No. 72]. I have been authorized by District Judge Philip A. Brimmer to resolve the Objection. However, because of the dispositive nature of one of the issues, I resolve a portion of the Objection via Recommendation. Having considered the parties' briefing and the case history, the Court respectfully **RECOMMENDS** that the Objection be **SUSTAINED in part** and **ORDERS** that the Objection be **OVERRULED in part.** My decision is set forth below.

**I. Summary of the Case and Relevant Procedural History**

Plaintiff filed this employment discrimination lawsuit on April 5, 2010 [Docket No. 1].

At the time of filing, Plaintiff was proceeding *pro se*. Prior to the Scheduling Conference, counsel entered her appearance on Plaintiff's behalf [Docket No. 11]. The Scheduling Conference was held on August 19, 2010 [Docket No. 24]. At that time, Defendant objected to the portions of the proposed Scheduling Order prepared by Plaintiff which (1) requested a jury trial; and (2) requested certain forms of relief pursuant to Plaintiff's claims. Defendant argued that neither the operative Complaint [Docket No. 3] nor any applicable pleading supported such requests. Defendant formally raised these issues by filing objections [Docket Nos. 26 & 28]. Judge Brimmer resolved the objections on November 16, 2010 [Docket No. 29].

Pursuant to his Order, Judge Brimmer recognized that (1) Plaintiff had never properly sought a trial by jury; and (2) the operative Complaint did not contain a request for attorneys' fees, lost wages, prejudgment interest, compensatory damages, or punitive damages. *See Order* [#29] at 2-3 (noting that operative "[C]omplaint requested only 'any and all remedies under the Court's jurisdiction'"). To this end, Judge Brimmer informed Plaintiff that the Court would consider whether to allow Plaintiff to amend his Complaint to seek these (and other) requests for relief in conjunction with a request by Plaintiff for a jury trial. *Id.* at 3 (noting that "[s]ince Plaintiff must file a motion to make a jury trial demand, the Court will consider whether to allow plaintiff to amend his complaint to add such claims for relief if it grants such a motion"). However, Plaintiff failed to file a motion for jury trial.

Moreover, despite Judge Brimmer's invitation to consider whether to allow Plaintiff to amend his pleadings to include certain requests for relief, Plaintiff failed to properly move for amendment. Judge Brimmer's Order was dated November 16, 2010. The pleading amendment deadline in this case was December 1, 2010. *See Scheduling Order* [#25] at

8. On November 23, 2010, Plaintiff filed a motion to amend his pleadings to assert the requests for relief at issue here [Docket Nos. 32 & 33]. Because the motion did not comply with the Local Rules, I denied the motion without prejudice on November 29, 2010 [Docket No. 35]. Specifically, Plaintiff's motion to amend did not comply with D.C.COLO.LCivR 7.1A., which requires him to certify in the motion that he conferred with Defendant. Despite the fact that my Order was entered prior to expiration of the pleading amendment deadline and that Plaintiff's mistake was curable, Plaintiff did not refile the motion to amend his Complaint.

Indeed, Plaintiff apparently abandoned his attempt to amend his Complaint to specifically raise certain requests for relief until preparing the proposed Final Pretrial Order in conjunction with the Final Pretrial Conference [Docket No. 54]. In that pleading, Plaintiff asserted that he is seeking attorneys' fees, lost wages, prejudgment interest, compensatory damages (damages for emotional distress, mental anguish, inconvenience, loss of time, limitation, loss of reputation, lost opportunities, damage to career and other damages, and damages and losses pursuant to 42 U.S.C. § 1981a), and punitive damages. *Compare Proposed Pretrial Order* [#54] at 3, *with Complaint* [#3] at 12, *and Plaintiff's Interrogatory Responses* [#43-1] at 1-2 (recognizing that "original complaint did not state Claims for Relief" and that motion to amend the Complaint was denied). Defendant's Objection followed. In addition to addressing the issue related to Plaintiff's inclusion of certain requests for relief in the proposed Final Pretrial Order, Defendant raises objections to Plaintiff's witness and exhibit lists contained in or attached to the proposed Final Pretrial Order.

## II. Analysis

As a preliminary matter, to the extent that Plaintiff is attempting to accomplish via the proposed Final Pretrial Order what he failed to accomplish via pleading amendment practice, his method is inappropriate. Case deadlines are set at the outset of a case to give both the parties and the Court a blueprint and schedule for preparing the case for trial. No party is immune from complying with case deadlines or permitted to redraft the blueprint without leave of Court. *See generally* D.C.COLO.LCivR 6.1B. & C.

Here, the crucial deadline was the pleading amendment deadline. Plaintiff, with the assistance of counsel, did not properly move to amend his pleadings by the deadline. That failure is not excused now. Particularly, "good cause" must exist to permit amendment outside of the pleading amendment deadline. *See* Fed. R. Civ. P. 16(b); *see also Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.")). "To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence." *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993); *see also* Fed. R. Civ. P. 16(b) (a scheduling order deadline "may be modified only for good cause and with the judge's consent").[1]

---

[1] It is the practice in this District to consider, as a threshold matter, whether good cause exists to extend an expired pleading amendment deadline although the "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must" do so. *Strope v. Collins*, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished

4

Here, while Plaintiff initially filed the case *pro se*, he was represented by counsel when the pleading amendment deadline was set and at the time of the deadline's expiration. Just as the addition of counsel <u>after</u> the pleading amendment deadline expires does not amount to good cause under the standard set out in Fed. R. Civ. P. 16(b), e.g., *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003), good cause is not shown merely because counsel entered her appearance after the operative Complaint's filing but prior to expiration of the pleading amendment deadline. Here, counsel entered her appearance on May 25, 2010. On August 19, 2010, Defendant raised the issue that certain requests for relief were not contained in the Complaint. On November 16, 2010, Judge Brimmer noted that amendment would be necessary to add such requests for relief. All of this occurred prior to expiration of the pleading amendment deadline. While a motion to amend the Complaint was filed on November 23, 2010, it was insufficient. Nevertheless, Plaintiff received notice that the insufficiency was curable prior to the pleading amendment deadline's expiration. However, Plaintiff did not resubmit the motion or make any further appropriate attempt to amend the Complaint.

Nothing about this case history suggests diligence on the part of Plaintiff. Review of Plaintiff's Response to the Objection fares no better. Despite the gravity of the Objection, Plaintiff filed a two-page Response which cursorily argues that because notice pleading is all that is required, Plaintiff "contends that it was unnecessary to formally amend his complaint in that Defendant was made well aware of the basis of his claim and the specific categories of damages sought . . . ." *Response* [#72] at 2. At the very best, this

---

decision) (internal quotation omitted).

argument is disingenuous in that Plaintiff clearly recognized the necessity of amendment when he unsuccessfully attempted to amend his Complaint to add specific claims for relief. *See Motion to Amend* [#32] at 1 (noting that "the Court entered an order allowing Plaintiff to file a motion . . . to amend his complaint to add certain claims for relief"). Plaintiff's failure to obtain amendment prior to the deadline gave Defendant reasonable grounds to conclude that such claims for relief were abandoned by Plaintiff. Further, this argument is contrary to the direction of Judge Brimmer that the Complaint would need to amended "to add such claims for relief." *Order* [#29] at 3.

Plaintiff's attempt to effect amendment via the proposed Final Pretrial Order and months after the pleading amendment deadline expired smacks of carelessness and only serves to undermine any belated attempt to effect amendment now. The Court finds that Plaintiff has not demonstrated that he was unable to move for amendment before the pleading amendment deadline despite the exercise of due diligence. "Foregoing careful review of [the case] . . . does not evidence diligence on Plaintiff's part." *Granite Southlands Town Center LLC v. Alberta Town Center, LLC, et al.*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. Jun. 8, 2010) (unpublished Recommendation), *adopted by* 2010 WL 2635527 (June 28, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require plaintiffs to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later"); *see also Sanchez v. City & County of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unpublished decision) (noting that "the purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all

discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be"). Accordingly, I recommend that Defendant's Objection relating to Plaintiff's inclusion of certain requests for relief in the proposed Final Pretrial Order be sustained.[2]

Defendant also contends that the scope and nature of Plaintiff's witness list set forth in the proposed Final Pretrial Order does not comply with D.C.COLO.LCivR 16.3 (App. G) and Fed. R. Civ. P. 26(a)(3).[3] Specifically, Defendant argues that the description of certain witness' testimony goes beyond the short statement required addressing the nature and purpose of the expected testimony. Without deciding whether Plaintiff's witness list runs afoul of the rules, Plaintiff is directed to amend the witness list submitted with the proposed Final Pretrial Order to streamline the information provided. Because amendment is a more reasonable approach, to the extent that Defendant's Objection requests that the witnesses

---

[2] To the extent that it is necessary to *sua sponte* consider whether amendment should be permitted pursuant to Fed. R. Civ. P. 15(a), the Court notes that amendment is not appropriate where the plaintiff unduly delayed or failed to cure despite opportunities to do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The discussion above clearly demonstrates that Plaintiff unduly delayed and failed to cure. But perhaps the most persuasive reason for not permitting amendment is the prejudice to the nonmoving party. *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1207 (10th Cir. 2006) (noting that prejudice is the most important factor in considering whether amendment should be permitted); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 613 (2d ed. 1990). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Given that it was reasonable for Defendant to assume that certain requests for relief were abandoned when Plaintiff failed to timely move for and obtain amendment, it was likewise reasonable that discovery was not undertaken in relation to such requests. Now that discovery is closed and a dispositive motion is pending [Docket No. 43], it would be unduly prejudicial to allow amendment of Plaintiff's pleadings to raise specific requests for relief at this stage of the case.

[3] The Court finds that the remainder of the Objection is not dispositive and can be handled via Order rather than Recommendation.

be stricken because the scope of their testimony is overly detailed in the proposed Final Pretrial Order, the Objection is overruled.

Finally, Defendant contends that Plaintiff's list of trial exhibits attached to the proposed Final Pretrial Order does not comply with D.C.COLO.LCivR 16.3 (App. G) and Fed. R. Civ. P. 26(a)(3). Specifically, Defendant argues that the exhibits contained in Plaintiff's exhibit list are not described with sufficient particularity. As was also the case in relation to the witness list, without deciding whether the exhibit list violates the rules, I find that Plaintiff should be given an opportunity to amend his exhibit list. Accordingly, to the extent that Defendant's Objection requests that the exhibits be stricken because they have not been listed with sufficient particularity in the proposed Final Pretrial Order, the Objection is overruled.

### III. Recommendation and Order

For the reasons stated above, the Court **RECOMMENDS** that Defendant's Objection be **SUSTAINED** to the extent that it objects to Plaintiff's inclusion of requests for relief pertaining to attorneys' fees, lost wages, prejudgment interest, compensatory damages or punitive damages in the proposed Final Pretrial Order.

IT IS FURTHER **ORDERED** that Defendant's Objections are **OVERRULED** regarding all other matters. Nevertheless, Plaintiff shall amend his witness and exhibit lists prior to submission of the proposed Final Pretrial Order to comport with the applicable rules, including that revised lists shall contain a short statement regarding the nature and scope of a witness' testimony and shall contain sufficient specificity to describe the exhibits (preferably by identifying them with Bate numbers). Pursuant to my prior Order, the

proposed Final Pretrial Order is due **August 23, 2011** [Docket No. 67].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 23, 2011

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix